THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CV-881-BO(1)

FILED
NOV 1 6 2004
CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLK

ANDREA PANDOLFO AND RODNEY )
PANDOLFO, )
    Plaintiffs, )
)
vs. )
)
HOWARD PERRY & WALSTON REALTY, )
INC.; MARY JO RYAN; DANIEL RYAN; )
WILLIAM RYAN; INSURANCE ) **COMPLAINT AND DEMAND FOR JURY**
CORPORATION OF HANNOVER; )
BRENDAN BYRNES; JESSICA CURTIS; )
LINDSAY FORTUNE; CAITLIN LALLY; )
MOLLIE MCCORMICK; MELISSA )
MCGANN; KYLE STOKES; KELLY )
WEILAND; BRETT WHITE; BEN WHITED; )
DAVISON WILKINS; AND AMY )
WOJCIECHOWSKI, )
    Defendants. )

    The plaintiffs, Andrea and Rodney Pandolfo, hereby bring this Complaint and state as follows:

### A. PARTIES

    1.    The plaintiffs, Andrea and Rodney Pandolfo, are residents of the State of Connecticut.

    2.    Defendant Howard Perry & Walston Realty, Inc. d/b/a Coldwell Banker Howard Perry & Walston ("HPW") is a North Carolina corporation with a principal place of business in Raleigh, North Carolina. HPW is in the business of providing real estate brokerage services to the public.

3. Defendant Mary Jo Ryan is a resident of Raleigh, North Carolina. At all times relevant to this Complaint, Ms. Ryan was a realtor and was an employee and/or agent of defendant HPW.

4. Defendant Daniel Ryan is the son of defendant Mary Jo Ryan and is a resident of Raleigh, North Carolina.

5. Defendant William Ryan is the husband of defendant Mary Jo Ryan and is a resident of Raleigh, North Carolina.

6. Defendant Insurance Corporation of Hannover ("Hannover") is an Illinois corporation with a principal place of business in California. Hannover is in the business of selling insurance to the public.

7. Defendant Brendan Byrnes is a resident of Raleigh, North Carolina.

8. Defendant Jessica Curtis is a resident of Raleigh, North Carolina.

9. Defendant Lindsay Fortune is a resident of Raleigh, North Carolina.

10. Defendant Caitlin Lally is a resident of Raleigh, North Carolina.

11. Defendant Mollie McCormick is a resident of Raleigh, North Carolina.

12. Defendant Melissa McGann is a resident of Wake Forest, North Carolina.

13. Defendant Kyle Stokes is a resident of Raleigh, North Carolina.

14. Defendant Kelly Weiland is a resident of Raleigh, North Carolina.

15. Defendant Brett White is a resident of Raleigh, North Carolina.

16. Defendant Ben Whited is a resident of Raleigh, North Carolina.

17. Defendant Davison Wilkins is a resident of Raleigh, North Carolina.

18. Defendant Amy Wojciechowski is a resident of Raleigh, North Carolina.

## B. JURISDICTION AND VENUE

19. The matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars and No Cents ($75,000.00), exclusive of interest and costs.

20. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1).

21. Venue is proper in the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391(a)(2) and (3).

## C. NATURE OF THE CASE

22. In 2001, the Pandolfos were the owners and full-time occupants of residential real property known as 11821 Six Forks Road, Raleigh, North Carolina (the "Property"), consisting of approximately 1.73 acres of land and a 6500–square-foot house, most of which had been built by the Pandolfos. The Pandolfos had performed this construction in anticipation of living in the house and then selling the Property for profit.

23. In March 2001, the Pandolfos engaged HPW and Ms. Ryan to assist in preparing the Property for sale and placing the Property on the market.

24. During the period from March 2001 through November 2001, HPW and Ms. Ryan provided realty services to the Pandolfos. These services included, among other things, consultation, market analysis, appraisal, and various labor to prepare the Property for sale.

25. In August 2001, the Pandolfos took a several-week trip to Connecticut to visit relatives. Prior to the Pandolfos' trip, Ms. Ryan, on behalf of HPW, offered the Pandolfos that she would take care of the Property during the Pandolfos' absence as part of the services that

HPW was providing. The Pandolfos accepted this offer and entrusted their house key to Ms. Ryan and HPW.

26. During the Pandolfos' absence, Ms. Ryan and HPW continued to perform services for the Pandolfos and the Property in connection with the anticipated sale. Also during this time, Ms. Ryan, on behalf of HPW, engaged Daniel Ryan and William Ryan, as employees and/or agents of Ms. Ryan and HPW, to assist in providing these services.

27. On November 17, 2001, the Pandolfos returned to their home to find Ms. Ryan's son, defendant Daniel Ryan, trespassing on the Property and conducting an unauthorized party in the Pandolfos' home. Along with Mr. Ryan were defendants Brendan Byrnes, Jessica Curtis, Lindsay Fortune, Caitlin Lally, Mollie McCormick, Melissa McGann, Kyle Stokes, Kelly Weiland, Brett White, Ben Whited, Davison Wilkins, and Amy Wojciechowski, all of whom were trespassing on the Property and engaging in an unauthorized party.

28. Subsequent to November 17, 2001, the Pandolfos discovered that the defendants listed in paragraph 27 engaged in other unauthorized parties at the Property during the Pandolfos' absence.

29. In the course of the parties on the Property, the defendants listed in paragraph 27 engaged in extensive vandalism and caused substantial damage to the Property and to the Pandolfos' valuable personal property. In addition, they stole items owned by the Pandolfos.

30. All of the above defendants obtained unauthorized access to the Pandolfos' home through Daniel Ryan, who had been provided a key to the house by Ms. Ryan, William Ryan, and HPW without the Pandolfos' consent.

4

31. Based on information and belief, at the time Daniel Ryan received the key to the Pandolfos' home, he was acting as an agent and/or employee of Ms. Ryan and HPW for the purpose of performing certain work within the scope of the realty services provided to the Pandolfos.

32. As a result of the acts of the above defendants, the Pandolfos suffered damage to the personal property in their house. A significant portion of this damage was caused by the unauthorized discharge of large amounts of fire extinguisher dust during the course of one or more of the unauthorized parties. This dust infiltrated the Pandolfos' house and destroyed much of the Pandolfos' electric and electronic equipment. It also destroyed the house's water heater, causing water damage and resulting in the growth of mold in the house.

33. The Pandolfos made diligent but unsuccessful efforts to remove the large amounts of fire extinguisher dust and mold from their house. As a result of the dust and mold, the Pandolfos suffered serious health problems that forced them to leave their home permanently. These health problems continue to persist.

34. Also as a result of the dust and mold, the Pandolfos were unable to sell the Property, causing them hundreds of thousands of dollars in lost profit. Further, the Pandolfos suffered serious emotional and financial distress.

### D. CLAIMS

**COUNT I** (Trespass)

35. The actions of defendants Daniel Ryan, Brendan Byrnes, Jessica Curtis, Lindsay Fortune, Caitlin Lally, Mollie McCormick, Melissa McGann, Kyle Stokes, Kelly Weiland, Brett

5

White, Ben Whited, Davison Wilkins, and Amy Wojciechowski constitute a trespass for which said defendants are liable to the Pandolfos.

36. As a result of the trespass by the above defendants, the Pandolfos have suffered damage to their real property and personal property, as well as personal injury, financial loss, and emotional distress.

**COUNT II    (Theft)**

37. The actions of defendants Daniel Ryan, Brendan Byrnes, Jessica Curtis, Lindsay Fortune, Caitlin Lally, Mollie McCormick, Melissa McGann, Kyle Stokes, Kelly Weiland, Brett White, Ben Whited, Davison Wilkins, and Amy Wojciechowski constitute theft for which said defendants are liable to the Pandolfos.

**COUNT III    (Intentional Infliction of Emotional Distress)**

38. The acts of the above defendants were intentional and outrageous and caused severe emotional distress to the Pandolfos.

**COUNT IV    (Negligent Infliction of Emotional Distress)**

39. The above defendants knew or should have known that their actions would cause severe emotional distress to the Pandolfos. Accordingly, said defendants are liable for their negligent infliction of emotional distress.

**COUNT V    (Vicarious Liability for Trespass, Theft, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress)**

40. Defendants Mary Jo Ryan and HPW are vicariously liable for the above acts of defendant Daniel Ryan by virtue of Mr. Ryan's employment with Ms. Ryan and HPW.

**COUNT VI (Breach of Contract)**

41. Defendants Mary Jo Ryan and HPW failed to protect the Property from loss and therefore breached their agreement to properly assist the Pandolfos in preparing the Property for sale.

42. As a result of the breach by Ms. Ryan and HPW, the Pandolfos suffered all of the aforementioned damages.

**COUNT VII (Breach of Fiduciary Duty)**

43. As real estate agents engaged by the Pandolfos, defendants Mary Jo Ryan and HPW owed the Pandolfos a fiduciary duty to protect the Property from loss.

44. Ms. Ryan and HPW breached their fiduciary duty to the Pandolfos, resulting in the aforementioned damages for which Ms. Ryan and HPW are liable.

**COUNT VIII (Bailment)**

45. The entrustment of the Property to defendants Mary Jo Ryan, HPW, Daniel Ryan, and William Ryan constitutes a bailment, for which each of said defendants owed a duty of care to the Pandolfos.

46. Ms. Ryan, HPW, Daniel Ryan, and William Ryan breached their duties as bailees, resulting in the aforementioned damages for which Ms. Ryan, HPW, Daniel Ryan, and William Ryan are each liable.

**COUNT IX (Negligence Against Mary Jo Ryan, William Ryan, and HPW)**

47. Defendants Mary Jo Ryan, William Ryan, and HPW acted negligently by providing defendants Daniel Ryan, Brendan Byrnes, Jessica Curtis, Lindsay Fortune, Caitlin

7

Lally, Mollie McCormick, Melissa McGann, Kyle Stokes, Kelly Weiland, Brett White, Ben Whited, Davison Wilkins, and Amy Wojciechowski with unauthorized access to the Property.

48. As a result of the negligence committed by Ms. Ryan, William Ryan, and HPW, the Pandolfos suffered all of the aforementioned damages.

**COUNT X    (Negligence Against Attendees of Unauthorized Parties)**

49. Defendants Daniel Ryan, Brendan Byrnes, Jessica Curtis, Lindsay Fortune, Caitlin Lally, Mollie McCormick, Melissa McGann, Kyle Stokes, Kelly Weiland, Brett White, Ben Whited, Davison Wilkins, and Amy Wojciechowski acted negligently in failing to prevent damage to the Property during the unauthorized parties.

50. As a result of the negligence committed by the above defendants, the Pandolfos suffered all of the aforementioned damages.

**COUNT XI    (Breach of Insurance Contract)**

51. On or about August 28, 2001, defendant Hannover issued homeowner insurance policy #H36605742 (the "Policy") to the Pandolfos. The Policy was in effect continuously from the date of issuance until November 17, 2001 and thereafter.

52. Following the events of November 17, 2001, the Pandolfos gave prompt notice to Hannover, which acknowledged coverage under the Policy and rendered partial payments to the Pandolfos.

53. Despite demand, Hannover has failed to provide adequate reimbursement and/or mitigation of the Pandolfos' loss, in violation of the terms of the Policy. This failure constitutes a breach of contract for which Hannover is liable to the Pandolfos.

## COUNT XII  (Bad Faith)

54. During the course of the insurance claims process, defendant Hannover repeatedly failed to act in a prompt and adequate manner; failed to provide prompt payment under the Policy; breached multiple promises made to the Pandolfos; and offered significantly less money than what was owed under the Policy.

55. The above conduct by Hannover constitutes a breach of the duty of good faith and fair dealing owed under the Policy. As a result of this breach, the Pandolfos have suffered the aforementioned damages and/or have not been adequately reimbursed therefor.

9

Case 5:04-cv-00881-BO   Document 1   Filed 11/16/04   Page 9 of 10

### E. REQUEST FOR RELIEF

**WHEREFORE**, the plaintiffs pray for the following:

1. Money damages;
2. Costs;
3. Attorneys' fees;
4. Interest; and
5. Such other legal or equitable relief as the Court deems appropriate.

This 16th day of November 2004.

                                                      THE PLAINTIFFS,

                                                      ANDREA PANDOLFO AND
                                                      RODNEY PANDOLFO

*/s/ Jonathan M. Starble/*
Jonathan M. Starble [ct15825]
Attorney for Plaintiffs
1191 Farmington Avenue
West Hartford, CT 06107
Tel. No.: (860) 561-8881
Fax No.: (860) 561-8882

*/s/ Derek R. Caldwell/*
Derek R. Caldwell
Attorney for Plaintiffs
211 East Six Forks Road, Suite 210-A
P.O. Box 19242
Raleigh, NC 27619
Tel. No: (919) 838-9400
State Bar No. 21859
LR 83.1 Counsel