IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CV-881-BO(3)

| | |
|---|---|
| ANDREA PANDOLFO AND RODNEY PANDOLFO, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **MEMORANDUM AND**<br>) **RECOMMENDATION** |
| HOWARD PERRY & WALSTON REALTY, INC., *et al.*, | )<br>)<br>) |
| Defendants. | ) |

This cause comes before the Court upon Defendants' Renewed Motion for Sanctions **[DE's 177-179]**. In this motion, Defendants seek the dismissal of this action with prejudice pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure. Plaintiffs have not responded to this motion and the time for doing so has expired. Accordingly, this motion is now ripe for adjudication. For the following reasons, it is RECOMMENDED that the instant motion be GRANTED.

## Background

On February 21, 2006, Defendants filed a motion to compel **[DE's 102-103]**, alleging that Plaintiffs failed to respond to Defendants' first set of interrogatories and requests for production. Plaintiffs also failed to appear for properly noticed depositions. Defendants filed a motion for sanctions on April 24, 2006 **[DE's 106-107]** which sought the entry of an order dismissing Plaintiffs' Complaint with prejudice for these failures to cooperate in the

discovery process. Plaintiffs' response to the motion to compel and the motion for sanctions was untimely **[DE-109]**. The Court entered an Order on September 25, 2006 granting Defendants' motion to compel, ordering Plaintiffs to completely respond to all discovery requests **[DE-118]**. With regard to sanctions, the Court determined that the sanction of dismissal was not appropriate. Plaintiffs were instead ordered to show cause why financial sanctions should not be imposed. Furthermore, Plaintiffs were cautioned "that failure to abide by this order or to comply with future discovery obligations will subject them to the full range of legal sanctions available under the Federal Rules of Civil Procedure, including dismissal."

Defendants filed another motion for sanctions **[DE's 119-120]** on October 13, 2006. In that motion, Defendants indicated that they had "not received any communications regarding discovery from plaintiffs since the September 25, 2006 Order. . . and [they had] not received full responses to the previously-outstanding discovery requests" **[DE-119]**. Likewise, Plaintiffs failed to file a timely response to the Court's show cause order. In their October 13, 2006 motion for sanctions, Defendants again requested that Plaintiffs' Complaint be dismissed.

On November 22, 2006, the Court entered an Order **[DE-147]** instructing Plaintiffs to pay the reasonable expenses, including attorney's fees: 1) Defendants incurred in filing their February 21, 2006 motion to compel and April 24, 2006 motion for sanctions **[DE's 102-103; 106-107]**; and 2) caused by Plaintiffs' failure to attend their noticed depositions. The Order also instructed the parties to confer in an attempt to resolve all outstanding

2

discovery issues within 30 days of the Order.

Plaintiffs filed a letter on January 23, 2007 stating " . . . Jonathan Starble was representing us until December 19, 2006, however he has since been removed as counsel . . . [w]e ask that all matters from all parties pertaining to our case be put on hold until such that we can be represented . . . [w]e do object to these fees . . . " **[DE-166]**. On January 31, 2007 the Court entered an Order **[DE-176]**: 1) denying Plaintiffs' objection to the assessment of costs; and 2) staying all pending discovery disputes and deadlines until March 1, 2007 to permit Plaintiffs additional time to retain a new attorney.

On February 12, 2007, Defendants notified Plaintiffs by letter that a telephone conference would be scheduled on March 1, 2007 **[DE 177-2]**. The purpose of this conference was to discuss outstanding discovery issues. Plaintiffs did not participate in the telephone conference. On March 2, 2007 correspondence was forwarded to Plaintiffs, requesting that Plaintiffs contact Defendants in an effort to resolve all discovery disputes. As of March 15, 2007, none of the defense counsel in this case had been contacted by Plaintiffs subsequent to the Court's January 31, 2007 Order. Defendants contend that Plaintiffs have disregarded this Court's instruction to fully respond to all discovery requests and appear for a deposition. Likewise, Plaintiffs have yet to pay the costs imposed upon them by the Court for these discovery violations. Accordingly, Defendants request that the Court strike Plaintiffs' Complaint and dismiss this action with prejudice pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure. Again, the Court notes that Plaintiffs have filed to file any response to the instant motion.

3

## Analysis

Rule 37(d) of the Federal Rules of Civil Procedure permits a Court to impose sanctions for failure of a party:

> to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to service a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B) and (C) of subdivision (b)(2) of this rule.
> Fed. R. Civ. P. 37(d).

The sanctions enumerated in Rule 37(b)(2)(A)-(C) of the Federal Rules of Civil Procedure authorize a court to take notice of certain facts as established, refuse the introduction of evidence of designated matters or strike out pleadings or parts thereof. However, striking pleadings, while authorized by Rule 37(b)(2) for the most flagrant discovery abuses "is a draconian remedy of last resort." Frame v. S-H, Inc., 967 F.2d 194, 203 (5th Cir. 1992)(citations omitted). See also Mutual Federal v. Richards, 872 F.2d 88, 92 (4th Cir. 1989)("Only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules will result in the extreme sanction of dismissal or judgment by default.").

Where the sanction of dismissal is at issue, the court's need to enforce the discovery rules comes into conflict with the party's right to trial and a fair day in court. Mutual Federal, 872 F.2d at 88-92. This requires a more narrow exercise of the court's discretion. The Fourth Circuit has adopted a four-part test to aid in determining the propriety of a dismissal sanction:

(1) whether the non-complying party has acted in bad faith; (2) the amount of prejudice caused the other party by the non-compliance, which includes examining the materiality of the evidence not produced; (3) the need to deter future incidents of non- compliance; and (4) the effectiveness of less drastic sanctions. *Id.* at 92. In addition, "courts must precede dismissal with an explicit and clear threat that failure to comply with the Court's Order can result in dismissal." [Hathcock v. Navistar Int'l Trans. Corp.](), 53 F.3d 36, 40-41 (4th Cir. 1995).

    Here, the Court finds that Plaintiffs' ongoing unwillingness to cooperate in the discovery process, combined with their repeated disregard for the instructions and deadlines imposed by this Court, constitutes bad faith. Furthermore, Defendants note that both the information requested by Defendants in their discovery requests and the Plaintiffs' deposition testimony is material. Specifically, Defendants contend that Plaintiffs "have failed to provide pre-incident medical records, a proper disclosure of their experts and the basis for their testimony, detailed medical expenses, a listing of prior lawsuits or insurance claims filed, and other information critical for an understanding of the basis of their claims." Absent any response from Plaintiffs, the Court deems these assertions accurate. In addition, the Court finds that Plaintiffs' failure to abide by the orders of this Court is behavior that warrants deterrence. To that end, the Court has previously attempted to impose lesser sanctions to deter this behavior without success. The financial sanctions already imposed have not improved Plaintiffs' compliance with the orders of this Court. Finally, Plaintiffs have been previously warned that a failure to abide by the Orders of this Court could result in dismissal.

5

Case 5:04-cv-00881-BO   Document 180   Filed 04/24/07   Page 5 of 6

## Conclusion

For the foregoing reasons, it is HEREBY RECOMMENDED that Defendants' Renewed Motion for Sanctions **[DE's 177-179]** be GRANTED. Specifically, it is RECOMMENDED that Plaintiffs' Complaint be stricken and their action dismissed with prejudice.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 24th day of April, 2007.

_____
William A. Webb
U.S. Magistrate Judge